## TELLER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. December 2, 1901.)

1. INJUNCTION—GROUNDS.

A court of equity is not justified in issuing a preliminary injunction or restraining order by the mere fact that it will do no harm, but there must be some affirmative ground shown calling for the exercise of the jurisdiction.

**2. JUDGMENTS—SUIT TO SET OFF CROSS JUDGMENTS — RESTRAINING TRANSFER.**
A judgment against the United States can neither be enforced by process nor transferred so as to prevent the government from setting off against it any cross demand against the judgment plaintiff, especially in view of the provision of Act March 3, 1875 (18 Stat. 481), expressly requiring such set-off. Hence there is no necessity nor ground for the issuance of a preliminary injunction or restraining order by a court of equity, in a suit by the United States to set off cross judgments, to prevent the transfer of his judgment by the defendant.

Appeal from the Circuit Court of the United States for the District of Colorado.

On December 2, 1899, John C. Teller, the appellant, recovered a judgment against the United States of America, the appellee, in the circuit court of the United States for the district of Wyoming, in the sum of $18,843.16. On January 24, 1901, the United States recovered a judgment against Teller in the circuit court of the United States for the district of Colorado in the sum of $27,963.96. Afterwards, on the same day, January 24, 1901, the United States exhibited its bill of complaint against Teller in the circuit court of the United States for the district of Colorado, alleging therein the foregoing facts, and also that Teller was insolvent, and prayed for a temporary restraining order enjoining Teller from assigning his judgment, and for a final decree offsetting the judgment in favor of the United States against Teller's judgment so far as necessary to satisfy the same. Upon the filing of this bill, and on due notice of the motion therefor, the circuit court, on January 28, 1901, made an interlocutory order, based solely on the averments of the bill, restraining Teller from transferring, assigning, or in any manner disposing of his judgment until the further order of the court. From this interlocutory order an appeal was prosecuted to this court pursuant to the provisions of Act March 2, 1891 (26 Stat. 825). See 111 Fed. 119.

Willard Teller (Mr. Clayton C. Dorsey, on the brief), for appellant.

Robert A. Howard and John K. Richards, for the United States.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

ADAMS, District Judge, after stating the case as above, delivered the opinion of the court.

The only assignment of error deemed necessary to consider in disposing of this appeal is that the complaint fails to disclose that the United States could have suffered any injury if Teller had assigned or transferred his judgment. The subject of set-off, or applying a creditor's cross demands or counterclaims to the satisfaction of existing demands in favor of the debtor, is undoubtedly of equitable cognizance. North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 596, 14 Sup. Ct. 710, 38 L. Ed. 565. But, as said by Mr. Justice Jackson, in delivering the opinion of the court in that case, such cross demands "may be enforced by way of set-off whenever the circumstances are such as to warrant the interference of equity to prevent wrong and injustice." There must be in cases of this kind, as in all others seeking equitable relief in the nature of a restraining order, a reasonable ground to believe that some threatened or probable injury will result before a court of equity will subject a defendant to the annoyance, cost, and expense incident to a restraining order. It is not sufficient that such an order will do no harm. It should at least be made to appear

that it would do some good. Applying the foregoing principles of equity to the case before us, we observe: First, that it was not in Teller's power to enforce his judgment against the United States by levy of execution as in cases between natural persons, the only possible resort for securing its payment being an act of congress making an appropriation therefor; and, second, that any transfer or assignment of his judgment would confer no greater rights upon a transferee or assignee than Teller himself had, and that all equities, whether of set-off, counterclaim, or otherwise, against him, would be enforceable against any such transferee or assignee. The foregoing propositions are not only obvious, but were conceded by counsel of the United States, at the argument of this case, to be correct. Not only so, but the act of March 3, 1875 (18 Stat. 481), affords an ample safeguard against any possible injury in such cases. It is as follows:

"When any final judgment recovered against the United States or other claim duly allowed by legal authority shall be presented to the secretary of the treasury for payment, and the plaintiff or claimant therein shall be indebted to the United States in any manner, * * * it shall be the duty of the secretary to withhold payment of an amount of such judgment or claim equal to the debt thus due to the United States."

Any person to whom Teller might have sold his judgment would have taken it with knowledge of the provisions of the foregoing act, and subject thereto. Teller, no doubt, fully recognizing the restraints against him, never has taken any steps to enforce his judgment or to sell or dispose of the same, and never has threatened to do so. This appears by necessary inference from the fact that no averment to the contrary is made in the bill of complaint.

From the foregoing it clearly appears that no wrongful act has been threatened by Teller, and that, in the nature of the case, no wrong or injury in the matter complained of can, with or without a restraining order, be inflicted by him upon the United States. The restraining order was therefore a vain thing, and the court below was not, in our opinion, warranted in the exercise of a sound discretion in awarding the same. The order appealed from is therefore reversed, and the cause remanded to the trial court, with directions to deny the motion for a preliminary injunction.