## WEIR v. WINNETT et al.

(Circuit Court, D. Nebraska. July 26, 1907.)

No. 20.

1. INJUNCTION—PRELIMINARY INJUNCTION—GROUNDS.

To warrant the granting of a preliminary injunction, complainant must generally present a clear title and set forth acts done or threatened which will seriously or irreparably injure his rights under such title, unless restrained. It is not sufficient that such an order will do no harm.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 305, 306.]

**2. SAME—THREATENED IRREPARABLE INJURY.**

Immediately on the going into effect of a state statute regulating rates of charge by express companies the Attorney General of the state commenced a suit in a state court against defendant, an express company, to obtain an adjudication upon the validity of the statute and enforce obedience to its provisions. The defendant removed such suit into the federal court, and also commenced another suit in such court against the Attorney General and other officers of the state, alleging the unconstitutionality of the statute, and moved for a preliminary injunction to restrain its enforcement. On the hearing it was shown that no steps to enforce the statute had been taken, except the institution of the prior suit, and defendants disclaimed any intention of taking such steps until its validity had been adjudicated. *Held* that, the issues in the two suits being the same, no injury was threatened to complainant which required or authorized the granting of a preliminary injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 305, 306.]

**3. ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING—FEDERAL AND STATE COURTS.**

The pendency of a suit in a state court to obtain a judgment in personam is not a bar to the institution and prosecution of a suit in a federal court involving the same subject-matter.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, § 87.

Pendency of action in state or federal court as ground for abatement of action in the other, see notes to Bunker Hill & Sullivan M. & C. Co. v. Shoshone M. Co., 47 C. C. A. 205; Barnsdall v. Waltmeyer, 73 C. C. A. 521.]

In Equity. On motion for preliminary injunction.

Charles J. Greene and Ralph W. Breckenridge, for complainant.
William T. Thompson, Atty. Gen., and Halleck F. Rose, for respondents.

W. H. MUNGER, District Judge. This is an application for a temporary order of injunction.

The Legislature of the state of Nebraska passed an act, which was approved by the Governor April 5, 1907, requiring all express companies doing business within the state, within 30 days after the passage and approval of the act, to file with the railway commission a schedule of rates and classifications charged for the transportation of money or merchandise within this state by such company which was in force the 1st of January, 1907. The act further prohibited express companies from charging and receiving for the transportation of merchandise within the state of Nebraska any sum exceeding 75 per cent. of the rate as shown in such schedule, until the railway commission shall have provided a greater rate. The act provided that it should take effect on and after its passage and approval; but the act did not, even in its title, or in the body, or anywhere, recite that any emergency existed. Section 24, art. 3, of the Nebraska Constitution provides:

"No act shall take effect until three calendar months after the adjournment of the session at which it passed, unless in case of emergency, to be expressed in the preamble or body of the act, the Legislature shall, by a vote of two-thirds of all the members elected to each house, otherwise direct."

The Legislature having adjourned on the 5th day of April, 1907, the act without an emergency provision would not take effect until July 5, 1907.

On July 5, 1907, the state of Nebraska, by William T. Thompson, its Attorney General, instituted an original proceeding in the Supreme Court of the state against the said Adams Express Company, setting forth the passage of the act and all of its provisions, and alleged that the defendant, Adams Express Company, was violating the act and would continue to violate the act unless restrained by the judgment of the court. The defendant express company filed in the Supreme Court of the state a petition for removal of the cause into this court; said petition being accompanied by the required bond, which bond, with the sureties, was approved by said court.

Subsequently, and on July 10, 1907, the plaintiff herein instituted this proceeding, alleging that the legislative enactment referred to, if enforced, will violate the fourteenth amendment to the Constitution of the United States, in that it will deprive the plaintiff of its property without due process of law, alleging 75 per cent. of the rate as shown by their schedule to be in force on January 1, 1907, would require the express company to do business within the state of Nebraska at a loss —in other words, that the earnings and income of the company, based on the business for the year 1906, at 75 per cent. of the charges, would not equal the expenses of conducting the business—and asked that the defendants be enjoined from in any manner seeking to enforce said legislative enactment, and for a temporary order of injunction pending the final hearing. The defendants have each filed an affidavit showing in substance that they have not taken any steps, have not threatened to take any steps, and do not contemplate taking any steps, seeking to enforce any of the penal provisions of the statute, or to enforce the statute in any manner, excepting the suit brought by the state in its Supreme Court for the purpose of testing the validity of said enactment, and that they do not contemplate the enforcement of any of its provisions until after such question can be determined; that said action was brought in the Supreme Court of the state promptly for the purpose of having a speedy determination of the question.

That this court has jurisdiction to enjoin the defendants, members of the state railway commission, and the Attorney General, from taking any steps to enforce a statute, the enforcement of which would result in depriving plaintiff of its property without due process of law, has so often been determined by the Supreme Court of the United States that it is no longer an open or debatable question. That the allegations of the plaintiff's bill show that the enforcement of the statute in question would deprive it of its property without due process of law is clear and unquestioned; but this alone does not entitle plaintiff to a temporary order of injunction. As said by the Circuit Court of Appeals in the case of Stevens et al. v. Missouri, K. & T. Ry. Co. et al., 106 Fed. 771, 45 C. C. A. 611:

"The prerequisites to the allowance of a preliminary injunction are that the complainant must generally present a clear title, or one free from reasonable doubt, and set forth acts done or threatened by defendant which will seriously or irreparably injure his rights under such title, unless restrained."

The single question presented in this case is whether or not, under the facts set forth, plaintiff has shown such acts done or threatened by defendants, which will seriously or irreparably injure it in its rights, pending the final hearing and determination of the case, unless aided by a temporary restraining order.

The only act shown to have been done or threatened by the defendants is the causing of the suit before mentioned to be instituted in the Supreme Court of the state. That suit—its objects and purpose—was to have the validity of the act in question determined, and the duty of the express company under all the facts and circumstances to obey its provisions. If the act by its enforcement would deprive the express company of its property without due process of law, that fact could properly be shown in that case, and, if shown, would defeat complainant in that case. In other words, the ultimate purpose of that action was the same as the purpose of this suit before the court, namely, to determine whether or not the act was so far valid under the provisions of the Constitution of the state and of the United States that it should be obeyed by the express company. In the suit instituted in the Supreme Court by the state it is claimed that the act is valid and should be obeyed by the express company; in the suit in this court it is claimed that the act is invalid and the express company should not be required to obey it; each action to determine the same ultimate result, but in different form.

The action brought by the state in its Supreme Court, as has been stated, is at present pending in this court by virtue of the removal proceedings. No steps have been taken to have the case remanded to the state court, and we are not advised that any such steps are contemplated. If both cases remain in this court, they will doubtless be heard together. The question, then, is: Will the prosecution of such a suit, in which the identical question which is presented in this case may be determined and adjudicated, result in irreparable injury, pending the hearing in this case? I think clearly not.

It is, however, urged by counsel that, as defendants disclaim any purpose to enforce the provisions of the act until an adjudication is had as to the validity of the statute, no harm can or will result to defendants by the granting of a temporary order of injunction. A similar proposition was answered by the Court of Appeals of this circuit in Teller v. United States, 113 Fed. 463, 51 C. C. A. 297, as follows:

"There must be, in cases of this kind, as in all others seeking equitable relief in the nature of a restraining order, a reasonable ground to believe that some threatened or probable injury will result, before a court of equity will subject a defendant to the annoyance, cost, and expense incident to a restraining order. It is not sufficient that such an order will do no harm. It should, at least be made to appear that it would do some good."

It not appearing to the satisfaction of the court from the facts shown that the complainant will sustain any irreparable injury before the final determination of this action, the temporary order of injunction is denied, with leave to renew the application at a future date, should changed conditions require.

The defendants have filed a plea in abatement, alleging that the suit instituted in the state Supreme Court, and which has been removed

into this court, is a bar to the present action. This plea is overruled. It is sufficient to say that the parties are not the same and that the pendency of a suit in the state court to obtain a judgment in personam is not a bar to the institution and prosecution of a suit involving the same subject-matter in the federal court.