## ENRIQUE GONZALEZ RODRIGUEZ, Complainant,

*v.*

## JOSE RUIZ SOLER, Defendant.

---

San Juan, Equity, No. 1048.

PRELIMINARY INJUNCTION AS TO EASEMENT.

Right of Way—Vested Right.

    1. Right of way is a vested right and will be protected in equity.

Specific Performance—Requirements.

    2. The requirements for specific performance are greater than for ordinary bills in equity.

Specific Performance—Mutuality.

    3. Mutuality is not destroyed because one party may convey the subject-matter of a contract, when in point of fact he has not conveyed it.

Temporary Injunction—Balance of Convenience.

    4. Where it is probable that the plaintiff will prove his case, the balance of convenience will be considered on the question of granting an injunction.

Opinion filed April 27, 1920.

---

*Messrs. Francis & De la Haba* for plaintiff.

Rodriguez v. Soler.

*Mr. Jaime Sifre, Jr.,* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case has been submitted on motion for preliminary injunction.

1. The bill and affidavits tend strongly to show that plaintiff is in possession and exercise of a railroad right of way, over defendant's property: Such a right of way is an interest in land and must be established·by formal deal. If, however, it already exists and is recognized by the parties in interest, through use or otherwise, it is a vested right, which should be protected regardless whether a deed is shown or not. 5 Pom. Eq. Jur. § 1958; P. R. Civil Code, §§ 544, 546 and 547; Torres v. Plazuela Sugar Co. 24 P. R. R. 479. As to railroad track. 1 Manresa, Comentarios, 603, 614; 10 Scaevola, Civil Code, 238–9; 5 Pom. Eq. Jur. §§ 693, 600; Valdes v. Valle, 1 P. R. Dec. 75; 9 R. C. L. 745; Teller v. United States, 51 C. C. A. 297, 113 Fed. 463.

2. It is contended for the defense that this bill amounts to one for specific performance, and that the proofs required, therefore, are strict, and that the case is not made out to the certainty so required..

There is no doubt the requirements for specific performance are greater than of ordinary bills in equity, and upon the final hearing, the plaintiff may not succeed in this regard; but at present the application is not for specific performance, but for injunction to maintain the statu quo until that hearing. It would not seem that on the case so far, the plaintiff makes out a prima facie case for neglective relief by injunction. Lumley

Rodriguez v. Soler.

v. Wagner, 1 De G. M. & G. 616, 42 Eng. Reprint, 692, 21 L.
J. Ch. N. S. 898, 16 Jur. 871, 6 Eng. Rul. Cas. 652.

3. It is argued that equity will not enforce a contract which
is not mutual, that is, one which does not admit an equitable
remedy in case of breach. In the case at bar, part of the land
could be conveyed and this would destroy the easement, but
until it is so conveyed, each party is entitled to protection.
Montgomery Light & P. Co. v. Montgomery Traction Co. 191
Fed. 657; Great Lakes & St. L. Transp. Co. v. Scranton Coal
Co. 152 C. C. A. 437, 239 Fed. 603.

4. There being the probability that the plaintiff will prove
his case as above, it is right to consider the balance of con-
venience. It would seem that this is greatly in favor of the
plaintiff; for on the evidence he will lose hundreds of thousands
of dollars if the railroad track is taken up, while, on the other
hand, the defendant will only be injured in connection with the
pasture of his stock, the only use he makes of the premises. It
may be that if fence or other protection is actually needed, such
protection could be gained by a cross application; but this is
not decided.

The application for ease of temporary injunction must, there-
fore, be granted. The bond therefore is fixed at $5,000, the
same as on the restraining order, which will be retained in
force for one week in order to give opportunity in making the
new bond.

It is so ordered.